SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
KENT R. RAYGOR, Cal. Bar No. 117224
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
Email: KRaygor@sheppardmullin.com

*Attorneys for Applicants Woori Bank and Kwang Seok Kwon*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE *EX PARTE* APPLICATION OF WOORI BANK AND KWANG SEOK KWON PURSUANT TO 28 U.S.C. § 1782

*Applicants.*

Case No. 4:21-mc-80084

**_EX PARTE_ APPLICATION AND MEMORANDUM OF LAW IN SUPPORT OF _EX PARTE_ APPLICATION TO ISSUE A SUBPOENA PURSUANT TO 28 U.S.C. § 1782**

Declaration of Jae Ho Kim, Declaration of Keebong Paek, and [Proposed] Order and Proposed Subpoena Filed Concurrently Herewith

**TO THE ABOVE-ENTITLED COURT:** Applicants Woori Bank and Kwang Seok Kwon ("Applicants"), by its undersigned counsel, hereby submit this *ex parte* Application to the Court pursuant to 28 U.S.C. § 1782 for an Order granting Applicants leave to serve the subpoena attached hereto as Exhibit A on Teamblind, Inc. ("Teamblind"), a corporate entity located within this district. This application is brought on an *ex parte* basis pursuant to Civil L.R. 7-10 and 28 U.S.C. § 1782, as this Court has expressly authorized, and routinely accepts, *ex parte* applications for 28 U.S.C. § 1782 discovery. *See e.g., Matter of Action & Prot. Found.*, No. 14-CV-80076 MISC EMC (LB), 2015 U.S. Dist. LEXIS 54938, at *16 (N.D. Cal. Apr. 27, 2015) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citing *In re Letters Rogatory from Tokyo Dist., Tokyo. Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)); *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 U.S. Dist. LEXIS 152090, at *10 (N.D. Cal. Nov. 2, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"); *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him . . . to produce a document . . . for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person . . ." 28 U.S.C. § 1782(a). As further described in the accompanying Memorandum of Law, Section 1782's statutory factors are satisfied because (i) the person from whom discovery is sought – Teamblind, Inc. – has its principal place of business in this district, (ii) the information is sought for use in a pending foreign civil action in the Republic of Korea, and to submit to the police in Korea in connection with pending criminal complaints; and (iii) Applicants are plaintiffs to the pending civil action in Korea, and they are the complaining parties with respect to the criminal complaints. As further described in the accompanying Memorandum of Law, the discretionary factors courts apply when considering whether to grant discovery under Section 1782 are also satisfied in this case, and Applicants should be granted the discovery they seek. This Application is supported by the Memorandum of Law attached hereto, and the Declarations of Jae Ho Kim and Keebong Paek, and the filed [Proposed] Order herewith. The requested subpoena is attached hereto as Exhibit A.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF LAW ..... 1

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

A. Applicants ..... 1

B. The Blind Platform Is Operated By Teamblind, Inc. Based In This District ..... 2

C. The Tortious Posts On The Blind Platform ..... 3

D. The Korean Litigation And Korean Police Complaints ..... 4

E. The Information Sought From Teamblind, Inc. Through This Application ..... 5

III. JURISDICTION AND LEGAL STANDARD ..... 6

IV. ARGUMENT ..... 7

A. Section 1782's Statutory Requirements Are Met ..... 7

B. *Intel's* Discretionary Factors Are Satisfied ..... 9

1. Teamblind Is Not A Direct Participant In The Korean Civil Action Against The Doe Defendant, And The Teamblind Refuses To Provide the Information In Korea ..... 9

2. The Korean Court And Police Are Receptive To The Evidence Sought ..... 10

3. The Request Does Not Circumvent Any Korean Policies Or Limits On Discovery ..... 11

4. The Request is Not Unduly Intrusive Or Burdensome ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*In re Application of Malev Hungarian Airlines*
964 F.2d 97 (2d Cir. 1992) .......... 10

*Bayer AG v. Betachem, Inc.*
173 F.3d 188 (3d Cir. 1999) .......... 6, 7

*In re BayerischeMotoren Werke AG*
No. 19-mc-80272-VKD, 2019 U.S. Dist. LEXIS 197076 (N.D. Cal. Nov. 13, 2019) .......... 10

*Cryolife, Inc. v. Tenaxis Med., Inc.*
No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416 (N.D. Cal. Jan. 13, 2009) .......... 10

*In re Darmon*
17-mc-80089-DMR, 2017 U.S. Dist. LEXIS 121932 (N.D. Cal. Aug. 2, 2017) .......... 12

*In re del Valle Ruiz*
939 F.3d 520 (2d Cir. 2019) .......... 8

*Heraeus Kulzer, GmbH v. Biomet, Inc.*
633 F.3d 591 (7th Cir. 2011) .......... 10

*Intel Corp. v. Advanced Micro Devices, Inc.*
542 U.S. 241 (2004) .......... *passim*

*In re Joint Stock Co. Raiffeinsenbank*
No. 16-mc-80203-MEJ, 2016 U.S. Dist. LEXIS 152090 (N.D. Cal. Nov. 2, 2016) .......... 6, 7

*Khrapunov v. Prosyankin*
931 F.3d 922 (9th Cir. 2019) .......... 7

*In re Letter Rogatory-Request for Int'l Judicial Assistance From the Harju Country Court in Estonia Petition of Lyoness Eesi OÜ,* No. 17-MC-80044-MEJ, 2017 U.S. Dist. LEXIS 62115 (N.D. Cal. Apr. 24, 2017) .......... 12

*In re Letters Rogatory from Tokyo Dist.*
539 F.2d 1216 (9th Cir. 1976) .......... 6

*Matter of Action & Prot. Found.*
No. 14-CV-80076 MISC EMC (LB), 2015 U.S. Dist. LEXIS 54938 (N.D. Cal. Apr. 27, 2015) .......... 6, 8

*In re Med. Corp. H&S*
No. 20-mc-80117-VKD, 2020 U.S. Dist. LEXIS 169795 (N.D. Cal. Sept. 14, 2020) ........ 8

*In re PJSC Uralkali*
No. C18-1673JLR, 2019 U.S. Dist. LEXIS 10968 (W.D. Wash. Jan. 23, 2019) ........ 10

*In re PQCorp.*, No. 6:13-mc-9-Orl-36KRS, 2013 U.S. Dist. LEXIS 90729 (M.D. Fla. June 26, 2013) ........ 11

*In re Qualcomm Inc.*
162 F. Supp. 3d 1029 (N.D. Cal. 2016) ........ 7, 9

*In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea,* No. C15-80069 MISC LB, 2015 U.S. Dist. LEXIS 29962 (N.D. Cal. Mar. 11, 2015) ........ 11

*In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*
555 F.2d 720 (9th Cir. 1977) ........ 11

*Texas Keystone, Inc. v. Prime Nat. Res., Inc.*
694 F.3d 548 (5th Cir. 2012) ........ 6

*In re Varian Med. Sys. Int'l AG*
No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar. 24, 2016) ........ 9, 11, 12

*In re Wallis*
No. 18-mc-80147-DMR, 2018 U.S. Dist. LEXIS 183453 (N.D. Cal. Oct. 24, 2018) ........ 7

Federal: Statutes, Rules, Regulations, Constitutional Provisions

28 U.S.C.
§ 1331 ........ 6
§ 1782 ........ *passim*
§ 1782(a) ........ 6, 7, 8, 9

# MEMORANDUM OF LAW

## I. INTRODUCTION

Applicants Woori Bank and Kwang Seok Kwon ("Applicants") request this Court's assistance in procuring information from a local company for use in civil and criminal proceedings pending in the Republic of Korea ("South Korea" or "Korea"). As explained further below, during the period of February and March of this year, Mr. Kwon was being considered for reelection as the Representative Director (equivalent to the president and CEO) of Woori Bank, one of the largest banks in Korea. On February 16, 2021, an anonymous user of the social networking platform called "Blind" began making tortious posts defaming Mr. Kwon, including by falsely accusing him of being physically affectionate with a woman "younger than his daughter," in an apparent attempt to improperly and unfairly influence the outcome of the election. Applicants filed a civil action against the anonymous person (as a "Doe" defendant) who made the posts, and also filed criminal complaints with the police, which the police are investigating. Nevertheless, Applicants and the police have so far been unable to identify the anonymous poster. The Blind platform is operated by Teamblind, Inc., which has its principal place of business in this district. Applicants seek information from Teamblind, Inc. that would help them identify the anonymous person who made the tortious posts to the Blind platform, so that Applicants may name that person in their civil action and also provide the information to the police in connection with their criminal complaints. Accordingly, Applicants request that the Court order that they may serve the subpoena attached hereto as Exhibit A on Teamblind, Inc.

## II. FACTUAL BACKGROUND

### A. Applicants

Woori Bank (the "Bank") is a Korean multinational bank and financial services company established in 1899 and headquartered in Seoul. *See* Declaration of Jae Ho Kim, filed herewith ("Kim Decl."), ¶ 3. Mr. Kwang Seok Kwon has been the Representative Director (equivalent to president and CEO) of Woori Bank since March 24, 2020, and has been in charge of overseeing and directing the financial services provided by the Bank. *Id.*, ¶ 4. Woori Bank's Representative Director must be elected through the Board of Directors and general meeting of shareholders of

Woori Bank. *Id.*, ¶ 5. During February and March 2021, Mr. Kwon was being considered for reelection as Representative Director pursuant to the Bank's rigorous selection and election process. *Id.* More specifically, the "Executive Candidate Recommendation Committee" (the "Committee") is comprised of five outside directors of Woori Bank, including the Chairperson. *Id.* The Committee conducts a review with regard to a candidate's personal information, career, and whether or not a candidate satisfies the eligibility requirements stipulated in the relevant regulations such as the Act on the Corporate Government of Financial Companies and internal regulations. *Id.* In particular, due to the nature of banks that require a high level of integrity and compliance, the Committee conducts a high-level screening on the moral aspects of candidates, to determine whether or not they meet the eligibility requirements. *Id.* As explained in more detail below, on February 16 and February 26, 2021, in an apparent attempt to improperly influence the Bank's election process, an anonymous person or persons began making posts on the social media platform called "Blind" attacking Mr. Kwon.[1] *Id.*, ¶¶ 6-10, Exs. 1-4.

**B. The Blind Platform Is Operated By Teamblind, Inc. Based In This District**

The Blind platform holds itself out as a "community" where "verified professionals connect to discuss what matters most." *See* Declaration of Keebong Paek, filed herewith ("Paek Decl."), ¶ 5, Ex. A. Blind further explains that "Professionals anonymously communicate in private company channels and openly with users across industries." *Id*. Blind allows users to pick "anonymous" user names to make posts to the platform. *See Id.*, Ex. B. However, in order to register for such an account, a user must verify that they have a valid email account with a company. *Id.* Once registered, users may select a user name, and even change their user name once per day. *Id.*

The Blind platform is operated by Teamblind, Inc. ("Teamblind"). Paek Decl., Ex. C. Teamblind is a Delaware corporation registered to do business in California, with its principal

[1] In spite of the attempted interference, Mr. Kwon was subsequently reelected as Representative Director. Kim Decl., ¶ 11. This does not diminish the harm Mr. Kwon suffered from the defamatory attacks described herein, nor the threat to the integrity of the Bank's election process. *Id*.

place of business listed as 2001 Addison Street, Suite 300, Berkeley, CA 94704, which is in this district. *Id.*, Exs. D, E. Teamblind has a branch office in South Korea. Paek Decl., ¶ 7. However, as explained further below, Teamblind claims that it doesn't have information for user identification and that its Korea branch has no authority to access its server located at its US office.

**C. The Tortious Posts On The Blind Platform**

On February 16, 2021, the anonymous person with the username "Ijlij!llij" made a post to the Blind platform attacking Mr. Kwon. Kim Decl., ¶¶ 7, 8, Exs. 1, 2. The February 16 post was posted in the Woori Bank channel on the Blind platform that is only open to Woori Bank employees. *Id.*, ¶ 8. The February 16 post included a picture of a middle-aged man kissing a much younger woman on the cheek ("Photo"). *Id.* Decl., Ex. 1. The February 16 post falsely asserted that Mr. Kwon is the individual pictured in the Photo with the much younger woman, that "behind [the employees'] back[s]" Mr. Kwon "secretly had a drinking party while being physically affectionate with a young woman," and that Mr. Kwon was "hugging a woman who looks to be younger than his daughter." *Id.*, ¶ 8, Ex. 2.

On February 26, 2021, an anonymous person with the username "I Disagree" reposted the Photo three times to the Woori Bank channel on the Blind platform, each time falsely indicating that Mr. Kwon was the man in the Photo. Kim Decl., ¶ 9, Exs. 3, 4. One post by "I Disagree" said "Is this the time when you were drinking in August, when COVID-19 was prevalent?" *Id.* Also on February 26, 2021, an anonymous person with the username "Last question" posted the Photo to the Woori Bank channel on the Blind platform falsely indicating the person in the photo was Mr. Kwon by stating "Based on the angle of the Photo, it was taken from the front – which means that the Photo must have been taken by an aide… can a leader who gets betrayed even by his aide really be considered a leader?" *Id.*, ¶ 10, Ex. 4. The February 26 posts by "I Disagree" and "Last question" were posted to the Woori Bank channel on the Blind platform that is only accessible to Woori Bank employees. *Id.*, ¶¶ 9-10. Together the February 16 and February 26 posts are referred to herein as the "Posts."

Mr. Kwon maintains he has been greatly harmed by the Posts because he suffered great mental anguish and a sexual humiliation from being accused of being physically affectionate with a woman "younger than his daughter," fear and anxiety that the same false Photo will continue to be posted, damage to his reputation for moral qualification to be Representative Director by being the subject of the Photo that was posted to induce humiliation, and disruption of his ability to carry out his role. Paek Decl., ¶¶ 9, 11, Ex. J at p. 4, Ex. L at pp. 7-9, Ex. P at pp. 3, 4.

**D. The Korean Litigation And Korean Police Complaints**

Because the Bank and Mr. Kwon are very concerned about the attempt to target Mr. Kwon with false accusations right before the Bank's election in an apparent attempt to manipulate the election process, and because of the harm inflicted on Mr. Kwon and his continued anxiety that the person will continue to repost the Photo, they filed several police complaints and civil actions in Korea. On February 17, 2021, Applicants filed a complaint with the Namdaemoon Police Station in Seoul against the anonymous "Doe" who posted the February 16, 2021 post. Paek, Decl., ¶ 8, Exs. F, G. The criminal complaint asserts, among other things, that the individual violated Korea's laws against defamation and distribution of defamation using electronic communications systems, and distributed false photographs that cause sexual humiliation. *Id.*, Ex. G. After the February 26 posts were made, on March 15, 2021, Woori Bank and Mr. Kwon filed a second police complaint against the anonymous person or persons who posted the February 16 and February 26 Posts for attempted interference with the Bank's business operations, including intimidating and coercing Mr. Kwon to give up on serving consecutive terms as the Representative Director of Woori Bank. Paek Decl., ¶ 9, Exs. I, J. Applicants also updated their original criminal complaint. *Id.*, Exs. K, L. It is expected that the Korean police will investigate the alleged crimes. Paek Decl., ¶ 10. As part of the investigation, the Korean police may be considering conducting searches of Teamblind's Korean offices but have not yet proceeded with the search. *Id.* However, public news reports indicate that attempts to obtain information will be unsuccessful. *Id.*, ¶ 10, Exs. M, N.

Additionally, on March 4, 2021 the Bank and Mr. Kwon filed civil action 2021GaHap515598 against John (Jane) Doe with the Seoul Central District Court (the "Korean Civil Action"). Paek Decl., ¶ 11, Exs. O, P. This Korean Civil Action alleges defamation, insult,

sexual humiliation, interference with business, and coercion. *Id*., ¶ 12, Ex. P. The Korean Civil Action states strong claims under Korean law, including for defamation. *Id*., ¶ 12, Ex. P. Because the Bank and Mr. Kwon do not know the identity of the person or persons responsible for the Posts, they were forced to file the Korean Civil Action against a "Doe" defendant. *Id*., ¶ 13. If they are unable to find out the true identity of the Doe defendant or defendants, the Bank and Mr. Kwon will have no choice but to drop the Korean Civil Action. *Id*.

In order to attempt to learn the identity of the Doe defendant or defendants, the Bank and Mr. Kwon filed two additional civil actions in Korea against Teamblind, Inc. and its CEO Sunguk Moon. Paek Decl., ¶ 14. One action alleges claims based on Teamblind's failure to filter/remove the defamatory Posts despite multiple requests to do so. *Id*. The other action demands that Teamblind preserve evidence, for future collection by legal authorities through on-site examination and document production orders, that could potentially identify the person(s) who made the Posts, including IP address information and information related to the accounts that posted the Posts. *Id*. In spite of filing these civil actions in Korea against Teamblind and its CEO, Applicants have so far been unable to, and do not believe they will be able to, obtain information about the users who made the Posts. Paek Decl., ¶ 15. In response to the civil actions brought against Teamblind, Inc., Teamblind claims that (i) its Korean branch does not have access to, or authority to access Teamblind's server, and (ii) the server does not contain information that can be used to identify users. *Id*. Publicly available news reports confirm Teamblind's position that it is difficult for them to provide user information in Korea. *Id*., ¶ 10, Ex. N. Thus, Applicants believe the only way to obtain the information requested in this Application is via an order issued to Teamblind, Inc. from a U.S. Court.. *Id*., ¶ 15.

**E. The Information Sought From Teamblind, Inc. Through This Application**

For the foregoing reasons, the Bank and Mr. Kwon submit this Application seeking an Order permitting them to serve the subpoena attached hereto as Exhibit A on Teamblind, Inc. The subpoena seeks: (a) any information in Teamblind's possession concerning the identity of the users with usernames "Ijlij!llij," "I Disagree" and "Last question," including any identifying information associated with the usernames; (b) IP address log information and any location

information Teamblind collected associated with the usernames (for the time the account(s) were initially opened, and the period February 1, 2021 to the present when the Posts were posted); (c) and any identifying information (name and address) for any payments that the user(s) may have made to purchase services from Teamblind. *See* Exhibit A hereto. This information is limited in nature and is the only information that could be used to identify the currently-anonymous Doe individual(s) who made the Posts. Applicants seek this information for use in the Korean Civil Action against Doe (so that they may identify the proper defendant(s) for that action), and so that they can submit the information to the Korean police for use in the police investigations of Applicants' criminal complaints.

## III. JURISDICTION AND LEGAL STANDARD

The Court has jurisdiction over this *ex parte* application under 28 U.S.C. § 1331 and 28 U.S.C. § 1782(a). *Bayer AG v. Betachem, Inc*., 173 F.3d 188, 189 (3d Cir. 1999); *see also Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 552 (5th Cir. 2012). An *ex parte* application is an acceptable method for seeking discovery pursuant to Section 1782. *See In re Letters Rogatory from Tokyo Dist*., 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas.); *Matter of Action & Prot. Found*., No. 14-CV-80076 MISC EMC (LB), 2015 U.S. Dist. LEXIS 54938, at *16 (N.D. Cal. Apr. 27, 2015) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782."); *In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 U.S. Dist. LEXIS 152090, at *10 (N.D. Cal. Nov. 2, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis").

Section 1782 provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person. . . . A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). Thus, Section 1782 permits district courts to authorize discovery where three general requirements are satisfied: "(1) the person from whom the discovery is sought 'resides or

is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

A district court has wide discretion to grant discovery under § 1782. Whether to grant a § 1782 application is left to the Court's discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004). In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264-65.

Courts evaluate § 1782 applications using a two-step process. First, the court decides whether the statute's "modest prima facie elements" are met. *In re Wallis*, No. 18-mc-80147-DMR, 2018 U.S. Dist. LEXIS 183453, at *13 (N.D. Cal. Oct. 24, 2018) (quoting *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998)); *In re Joint Stock Co. Raiffeinsenbank*, 2016 U.S. Dist. LEXIS 152090, at *8. Second, if those elements are met, the court then considers whether to grant the application by analyzing the discretionary factors laid out in the Supreme Court's *Intel* decision. *In re Joint Stock Co. Raiffeinsenbank*, 2016 U.S. Dist. LEXIS 152090, at *8 (citing *Intel*, 542 U.S. at 264–65).

## IV. ARGUMENT

### A. Section 1782's Statutory Requirements Are Met

This Application meets the statutory requirements of Section 1782. *First*, Teamblind, Inc. "resides or is found" in the Northern District of California. "[T]he word 'found' 'may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence.'" *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016) (citation

omitted); *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) ("§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process.") Teamblind is registered to do business in California, with its principal place of business listed as 2001 Addison Street, Suite 300, Berkeley, CA 94704, which is in this district. Paek Decl., Exs. D, E. Accordingly, Teamblind resides or is found in this district for purposes of Section 1782.

*Second*, the information Applicants seek is "for use in a foreign proceeding"—primarily the Korean Civil Litigation. The discovery will be used to identify the true identity of the Doe defendant(s) to that litigation. Paek Decl., ¶ 18. *See In re In re Med. Corp. H&S*, No. 20-mc-80117-VKD, 2020 U.S. Dist. LEXIS 169795, at *6 (N.D. Cal. Sept. 14, 2020) (second statutory requirement met where information was sought to identify proper defendant for planned litigation in Japan.); *see also, e.g., Intel*, 542 U.S. at 259 (explaining that all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation," and holding that discovery was proper under Section 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). Additionally, Applicants seek the identity of Doe to submit to the Korean police in connection with the Korean criminal complaints that Applicants have filed against Doe. Paek Decl., ¶ 18. *See* 28 U.S.C. § 1782(a) (allowing discovery for use "in criminal investigations conducted before formal accusation"); *In re Action & Prot. Found.*, No. 14-cv-80076 MISC EMC (LB), 2015 U.S. Dist. LEXIS 54938, at *18 (N.D. Cal. Apr. 27, 2015) (ordering production of identifying information of anonymous internet posters for use in parallel civil action and criminal investigation.) Thus, the second factor is met for this reason as well.

*Third*, Applicants are interested parties with respect to the Korean Litigation because they are plaintiffs in that litigation. Paek Decl., ¶ 11, Ex. P; *Intel*, 542 U.S. at 256 ("[L]itigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") Similarly, Applicants seek the information in connection with their Korean criminal complaints as complainants. Paek Decl., ¶¶ 8, 9, Exs. G, J, L; *Intel*, 542 U.S. at 259 (noting that Congress intended Section 1782 "would be available 'whether the foreign or

international proceeding *or investigation* is of a criminal, civil, administrative, or other nature.'") (italics original, citation omitted).

**B. *Intel's* Discretionary Factors Are Satisfied**

**1. Teamblind Is Not A Direct Participant In The Korean Civil Action Against The Doe Defendant, And The Teamblind Refuses To Provide the Information In Korea**

The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding" because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. The first factor is sometimes described as "whether the material sought is within the foreign tribunal's jurisdictional reach." *In re Qualcomm Inc*., 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016). However, courts recognize that "'[a]lthough the case law at times refers to whether the 'person' is within the foreign tribunal's jurisdictional reach, the key issue is whether the material is obtainable through the foreign proceeding.'" *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *8 (N.D. Cal. Mar. 24, 2016) (citation omitted).

Teamblind, Inc. is not a party to the Korean Civil Action against the Doe, nor is it the subject of the Korean criminal complaints against the Doe. Applicants have separately filed litigation in Korea against Teamblind and its CEO. Paek Decl., ¶ 14. However, the information sought through this Application has not been available through that litigation because Teamblind's Korean office refuses to provide the information, saying that it does not have possession of and cannot access the information. *Id*., ¶ 15. Furthermore, public news reports confirm Teamblind's position that it is difficult for them to provide information about its users in Korea. *Id*. Thus, although Teamblind may be subject to the Korean court's jurisdiction, as a practical matter, because of Teamblind's conduct, the information sought has not been available through the Korean courts.

However, the fact that Teamblind is a party to certain Korean actions does not automatically mitigate against granting the Application. As noted, "'the key issue is whether the material is obtainable through the foreign proceeding.'" *In re Varian Med. Sys. Int'l AG*, 2016

U.S. Dist. LEXIS 38911, at *8. Thus, courts often grant Section 1782 discovery even if the person from whom discovery is sought is a party to the foreign proceedings where the foreign court's discovery rules mean that the discovery may not be obtainable in the foreign action. *Heraeus Kulzer, GmbH v. Biomet, Inc.,* 633 F.3d 591, 597 (7th Cir. 2011) (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *In re BayerischeMotoren Werke AG*, No. 19-mc-80272-VKD, 2019 U.S. Dist. LEXIS 197076, at *8 (N.D. Cal. Nov. 13, 2019) (finding the first *Intel* factor neutral where one target was participant in German proceedings but it was unclear that German court could order the discovery at issue); *Cryolife, Inc. v. Tenaxis Med., Inc.,* No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *6 (N.D. Cal. Jan. 13, 2009) (same). Similarly, it is clear "that an applicant need not exhaust, or even commence, its discovery efforts in the foreign proceeding before resorting to § 1782." *In re PJSC Uralkali*, No. C18-1673JLR, 2019 U.S. Dist. LEXIS 10968, at *13-14 (W.D. Wash. Jan. 23, 2019); *see also In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992) (noting that an exhaustion requirement would contravene the "twin purposes of 28 U.S.C. § 1782 as articulated in the legislative history" and that "as far as we can discern, no other federal court has denied a direct request by a private foreign litigant for discovery pursuant to 28 U.S.C. § 1782 because the party seeking discovery has not first sought the information through the foreign or international tribunal.") Thus, information is available via a Section 1782 request even where the discovery theoretically may be available in the foreign proceeding.

In this case Applicants ***have*** begun the process of seeking this information in Korea, but have so far been unable to obtain it because Teamblind says that the discovery is not available in Korea. Accordingly, the first *Intel* factor tips in favor of discovery. At most it is neutral.

**2. The Korean Court And Police Are Receptive To The Evidence Sought**

The second *Intel* factor considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance." *Intel*, 542 U.S. at 264. There is no Korean law or rule of procedure that would prohibit Applicants from submitting the information to the

Seoul Central District Court and the Namdaemoon Police Station. Paek Decl. ¶ 16. Furthermore, there is no reason that the Korean court would be unreceptive to discovery obtained via this Section 1782 Application. *Id. see also In re PQCorp*., No. 6:13-mc-9-Orl-36KRS, 2013 U.S. Dist. LEXIS 90730, at *13 (M.D. Fla. June 5, 2013) (finding Korean attorney's declaration that "it is high [sic] likely that the Korean courts would welcome" the information sought was sufficient to satisfy the second discretionary factor) *adopted by* 2013 U.S. Dist. LEXIS 90729 (M.D. Fla. June 26, 2013). Moreover, the Republic of Korea has acceded to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and requested § 1782 assistance in the past demonstrating that Korea and its courts are generally receptive to evidence obtained abroad. *In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 555 F.2d 720, 722 (9th Cir. 1977); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 U.S. Dist. LEXIS 29962, at *1-2, *6 (N.D. Cal. Mar. 11, 2015). In sum, there is no indication that the Korean court or police would reject information obtained through Section 1782 discovery. In this situation, courts "err on the side of permitting discovery." *In re Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911, at *12.

**3. The Request Does Not Circumvent Any Korean Policies Or Limits On Discovery**

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Korean law does not prohibit or restrict this type of discovery. Paek Decl. ¶ 17. Under Korean law, the same types of information could be ordered to be produced by the Korean court. *Id*. Nevertheless, in practice, it would be very difficult to obtain the information from Teamblind's Korean branch (even through search and seizure) because Teamblind claims that its Korean Branch does not have access to the server. *Id*., ¶¶ 10, 15, 17.

**4. The Request is Not Unduly Intrusive Or Burdensome**

The fourth Intel factor considers whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The discovery sought is limited to information that could identify the currently-anonymous person(s) who made the Posts. *See* Exhibit A hereto; Section II.E, *supra*.

Requests that are similarly limited have been held to be not "unduly intrusive or burdensome" under *Intel*. *See In re Darmon*, 17-mc-80089-DMR, 2017 U.S. Dist. LEXIS 121932, at *9 (N.D. Cal. Aug. 2, 2017) (holding fourth factor met where the Section 1782 request sought "documents that establish or would help to establish the identity of the author of the blog posts on Wordpress.com, as well as testimony sufficient to authenticate these documents" because such discovery "does not appear to be unduly burdensome and is appropriately tailored."); *see also In re Letter Rogatory-Request for Int'l Judicial Assistance From the Harju Country Court in Estonia Petition of Lyoness Eesi OÜ*, No. 17-MC-80044-MEJ, 2017 U.S. Dist. LEXIS 62115, at *10 (N.D. Cal. Apr. 24, 2017) (granting § 1782 application to obtain discovery from Automattic; the proposed subpoena requested specific private user information for the purpose of obtaining the identities of the users who created and edited the web pages at issue).

In sum, the four *Intel* factors weigh in favor of granting the present request for discovery pursuant to Section 1782. Even if the first factor is considered neutral, the remaining factors weigh in favor of granting the discovery and the discovery should be granted here. *See, e.g., In re Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911, at *10-11, *16.

## V. CONCLUSION

For the foregoing reasons, Applicants respectfully request the Court grant the [Proposed] Order and permit Applicants to serve the subpoena attached hereto as Exhibit A on Teamblind, Inc.

Dated: April 19, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *ꟷ/s/ Kent R. Raygor*

KENT R. RAYGOR

***Attorneys for Applicants Woori Bank and Kwang Seok Kwon***