UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF WOORI BANK AND KWANG SEOK KWON. | Case No. 21-mc-80084-DMR<br><br>**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioners Woori Bank and Kwang Seok Kwon filed an ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). Having considered the papers and the relevant legal authority, the court grants the application.

## I.   BACKGROUND

Woori Bank and Kwang Seok Kwon (together, "Applicants") filed this application seeking discovery in aid of foreign proceedings that they have filed against anonymous individuals to challenge social media postings that they contend are defamatory. Woori Bank is a multinational bank and financial services company headquartered in Seoul, Korea. Kwon is Woori Bank's Representative Director, which is a position equivalent to president and CEO. [Docket No. 1-2 (Kim Decl., Apr. 9, 2021) ¶¶ 3, 4.] Woori Bank's Representative Director must be elected through the Board of Directors and general meeting of shareholders of the bank.

In February and March 2021, Kwon was being considered for reelection to the Representative Director position. *Id.* at ¶ 5. In February 2021, an anonymous individual or individuals began making posts on the social media platform "Blind" regarding Kwon. The Blind platform is a "community where verified professionals . . . anonymously communicate in private

1  company channels and openly with users across industries." [Docket No. 1-4 (Paek Decl. Apr. 8,
2  2021) ¶ 5, Ex. A (Blind's "About Us" page).] On February 16, 2021, an anonymous poster with
3  the username "Ijlij!llij" posted a photo of a middle-aged man kissing what appears to be a much
4  younger woman to a Blind channel that is open only to Woori Bank employees. The post "falsely
5  asserted that Mr. Kwon is the individual pictured" in the photo and stated, "[w]hile emphasizing
6  the importance of leading an ethical life to 15,000 employees, behind our back, he secretly had a
7  drinking party while being shamefully physically affectionate with a young woman." Kim Decl.
8  ¶¶ 7, 8, Exs. 1, 2. An anonymous poster or posters with the usernames "I Disagree" and "Last
9  question" reposted the photo multiple times on February 26, 2021, each time suggesting that the
10 photo depicted Kwon. *Id*. at ¶¶ 9, 10, Exs. 3, 4. Applicants contend that the posts were "an
11 apparent attempt to manipulate the election process." Application 4. They state that "[i]n spite of
12 the attempted interference," Kwon was eventually reelected as Representative Director. *Id*. at 2
13 n.1; Kim Decl. ¶ 11.
14      Applicants filed criminal complaints with the police in Seoul against "unidentified
15 individual[s]" who made the postings, alleging the photo was a manipulated deepfake and that the
16 statements accompanying the photo were defamatory and false. Paek Decl. ¶¶ 8, 9, Exs. F, G, I, J,
17 K, L. They also filed a civil action against unidentified individuals with the Seoul Central District
18 Court (the "Korean Civil Action"). Paek Decl. ¶ 11, Exs. O, P. The Korean Civil Action alleges
19 defamation, insult, sexual humiliation, interference with business, and coercion under Korean law
20 against the individual(s) who made the February 2021 postings. Paek Decl. ¶ 12.
21      In order to learn the identity of the defendant(s), Applicants filed two additional civil
22 actions in Korea against Teamblind, Inc. ("Teamblind"), which operates the Blind platform, and
23 its CEO, Sunguk Moon. Teamblind is a Delaware corporation registered to do business in
24 California, with an office in Berkeley, California. Paek Decl. ¶¶ 6, 14, Exs. C, D, E. In one of the
25 actions, Applicants "demand that Teamblind preserve evidence . . . that could potentially identify
26 the person(s) who uploaded the Posts, including IP address information and information related to
27 the accounts that uploaded the Posts." *Id*. at ¶ 14. According to Applicants, Teamblind claims in
28 response that "(i) its Korean branch does not have access to, or authority to access Teamblind's

United States District Court
Northern District of California

server, and (ii) the server does not contain information that can be used to identify users." *Id*. at ¶ 15.  There is no evidence in the record supporting or refuting Teamblind's purported response about whether it possesses information to identify users.  Based on Teamblind's response, Applicants' counsel in Korea, Keebong Paek, states, "I believe the only way to obtain the information requested in this application is via an order issued to Teamblind, Inc. from a U.S. Court."  Paek Decl. ¶ 15.

Applicants now seek leave to issue a subpoena to Teamblind for documents and information related to identifying the anonymous individual(s) who made the February 2021 postings for use in the Korean Civil Action and to submit to the Korean police in connection with the criminal complaints.  *Id*. at ¶ 18, Ex. A (Proposed Subpoena).]  Applicants request identifying information for the three usernames responsible for the postings, as well as other information and documents that could be used to identify the individual(s) responsible for the postings.  Proposed Subpoena.

## II.  LEGAL STANDARD

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

3

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### III.  DISCUSSION

#### A.  Authority to Issue Subpoena

The court has reviewed Applicants' request and determines that the statutory requirements of section 1782 have been satisfied. First, Applicants have established that Teamblind has an office in Berkeley, California, which is in this district. Paek Decl. ¶ 6. Second, the requested discovery is for use in the Korean Civil Action, which is a proceeding in a foreign tribunal, as well as the criminal proceedings pending in Korea. Finally, Applicants qualify as "interested person[s]" because there is "[n]o doubt that litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256. Applicants are plaintiffs in the Korean Civil Action, which makes them litigants and clearly "interested persons" within the meaning of section 1782.

4

### B. Discretionary Factors

Having concluded that it has the authority to issue the subpoenas, the court turns to the question of whether the four discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted). Here, Teamblind is not a party to the Korean Civil Action, nor is it the subject of the criminal complaints. However, Applicants have separately filed litigation against Teamblind and its CEO. Applicants explain that the information they seek through this Application has not been available through the litigation against Teamblind and its CEO in Korea because Teamblind contends that it does not have access to the information. Paek Decl. ¶ 15. While Applicants do not explain whether they have taken other steps in the Korean actions against Teamblind and CEO to try to obtain this information, "[t]here is no requirement that the party seeking discovery pursuant to section 1782 must first request discovery from the foreign tribunal." *In re Republic of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. sec. 1782*, 110 F. Supp. 3d 512, 517 (S.D.N.Y. 2015) (citing *Application of Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir. 1992)). Accordingly, this factor tips in favor of granting the application.

The second factor examines the nature and receptivity of the foreign tribunal. Applicants' counsel in Korea states that "[t]here is no Korean law or rule of procedure that would prohibit Applicants from submitting the information sought through this Section 1782 Application to the Seoul Central District Court" and to the police, and "no reason that the Korean court would be unreceptive to discovery obtained" via the application. Paek Decl. ¶ 16. This factor weighs in

favor of Applicants.

With respect to the third factor, there is nothing to suggest that Applicants are attempting to circumvent foreign proof-gathering restrictions. Counsel states, "Korean law does not prohibit or restrict the type of discovery sought by this Section 1782 Application," and "[u]nder Korean law, the same types of information could be ordered to be produced by the Korean court." *Id*. at ¶ 17. This factor therefore weighs in favor of Applicants.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, the proposed subpoena requests five categories of information and documents: 1) identifying information for the three usernames responsible for the postings; 2) access and use histories for the individual(s) using the three usernames from February 1, 2021 to the present; 3) location information for the individual(s) using the three usernames from February 1, 2021 to the present; 4) records of information concerning the length of time Teamblind has provided services to the individual(s) using the three usernames; and 5) records reflecting identifying information associated with payments received from the individual(s) using the three usernames. Proposed Subpoena. This discovery is appropriately tailored to documents and information identifying the individual(s) responsible for the postings.

These findings do not preclude Teamblind from contesting the subpoena. The Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Given the nature of the information sought by the subpoena, the court also finds that the subpoena should contain a mechanism by which Teamblind and the affected individual(s), i.e., the individual(s) who made postings under any of the three usernames, may contest the disclosure of their personal identifying information pursuant to the subpoena. Accordingly, Teamblind shall serve a copy of the subpoena and a copy of this order on each individual

1  associated with the usernames "Ijlij!llij" and the Korean versions of the usernames "I Disagree"
2  and "Last question" within 30 days of the date of service on Teamblind.  Teamblind may serve
3  any such individual(s) using any reasonable means, including written notice sent to their last
4  known address, transmitted either by first-class mail or via overnight service.

5      Teamblind and each individual associated with the three usernames at issue shall have 30
6  calendar days from the date of service upon them to file any motions in this court to contest the
7  subpoena.  If the 30-day period lapses without an individual contesting the subpoena, Teamblind
8  shall have 10 days to produce to Applicants the information responsive to the subpoena with
9  respect to that individual.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the application.  Woori Bank and Kwon may serve a finalized version of the subpoena attached to their application.  Teamblind and the individual(s) associated with the three usernames at issue shall be permitted to contest the subpoena in accordance with the procedure set forth above.  Woori Bank and Kwon must serve a copy of this order on Teamblind at the same time as the subpoena.

**IT IS SO ORDERED.**

Dated: June 28, 2021



Donna M. Ryu
United States Magistrate Judge

7