**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MICHAEL K. JOHNSON, SB#130193
  Email: Michael.Johnson@lewisbrisbois.com
2185 N. California Blvd., Suite 300
Walnut Creek, CA 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JUSTIN S. KIM, SB#255980
  Email: Justin.Kim@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.668.5548
Facsimile: 714.850.1030

Attorneys for Subpoena Respondent,
TEAMBLIND INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF WOORI BANK AND KWANG SEOK KWON | CASE NO. 4:21-mc-80084-DMR<br>The Hon. Magistrate Judge Donna M. Ryu<br><br>**SUBPOENA RESPONDENT TEAMBLIND, INC.'S NOTICE OF MOTION AND MOTION TO VACATE ORDER ON EX PARTE APPLICATION AND QUASH SUBPOENA OF APPLICANTS WOORI BANK AND KWANG SEOK KWON**<br><br>**Date:    October 14, 2021**<br>**Time:   1:00 p.m.**<br>**Courtroom 4, 3rd Floor**<br><br>*[Filed and Served Concurrently with Request for Judicial Notice; Declaration of Kyunghwan Kim, Declaration of Sunguk Moon; Declaration of Justin S. Kim and [Proposed] Order]* |

1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    To the Honorable Court and to WOORI BANK and KWANG SEOK KWON

2 ("Applicants"): please take notice that, on October 14, 2021 at 1:00 p.m. in Courtroom 4,

3 3rd Floor of the United States District Court for the Northern District of California,

4 Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, before the Honorable

5 Donna M. Ryu, Subpoena Respondent TeamBlind, Inc. ("Respondent" or "TeamBlind"),

6 through its attorneys, respectfully moves to vacate the June 28, 2021 Order on Applicants'

7 28 U.S.C. §1782 Ex Parte Application to Issue a Subpoena, and to Quash Applicants'

8 Subpoena, and for other and further relief as the Court deems just and proper.

9    This Motion is based on the attached Memorandum of Points and Authorities, the

10 supporting Declaration of Justin S. Kim, the supporting Declaration of Sunguk Moon, the

11 supporting Declaration of Kyunghwan Kim, the Request for Judicial Notice, all of the

12 pleadings on file in this proceeding, the argument of counsel presented at the hearing on

13 the Motion, and such other and further evidence as the Court deems appropriate.

14

15 DATED:  August 5, 2021                LEWIS BRISBOIS BISGAARD & SMITH LLP

16                                  By:        /s/ Justin S. Kim
17                                       Michael K. Johnson
                                         Justin S. Kim
18                                       Attorneys for Subpoena Respondent
                                         TEAMBLIND, INC.
19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... iii

TABLE OF AUTHORITIES……………………………………………..... iv, v, vi, vii

I.      INTRODUCTION ....................................................................................... 1

II.     FACTS ........................................................................................................ 1

      A.     The TeamBlind Platform ................................................................. 1

      B.     Woori Bank ...................................................................................... 4

      C.     February 16, 2021 and February 26, 2021 Posts ............................. 4

      D.     Woori Bank and Mr. Kwon's Criminal Pursuit of Anonymous
           Speakers........................................................................................... 6

      E.     Filing of the Ex Parte Application and Criminal Complaint in Seoul ........... 7

III.    ARGUMENT................................................................................................ 9

      A.     This Motion is a Timely and Proper response to this Court's Order
           and the 28 U.S.C. § 1782 Application................................................ 9

      B.     The Court Should Quash the Subpoena on the Grounds that it Seeks
           Identifying Information Which Violates TeamBlind's Users' First
           Amendment Rights of Anonymous Free Speech ................................ 9

           1.     First Amendment Rights of Anonymous Speech Prohibit
                 Production of Any Information by TeamBlind ................................. 10

           2.     The Court Should Not Order Production Because Applicants
                 Do  Not Meet the Requirements Set Forth in *Highfields Capital
                 Mgmt., L.P. v. Doe*.......................................................................... 13

      C.     The Subpoena Implicates Confidential and Proprietary Technology of
           TeamBlind and On that Basis, the Court Should Quash the Subpoena ........ 20

IV.     CONCLUSION ............................................................................................ 20

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*In re Anonymous Online Speakers*,
661 F.3d 1168 (9th Cir. 2011)...............................................................10, 11, 13

5

6

*In re Ex Parte App. of Jommi*,
No. C 13-80212 (N.D. Cal. November 15, 2013)..........................................12

7

8

*In re App. of IPC Do Nordeste, LTDA*,
Case no. 12-50624, 2012 WL 4448886 (E.D. Mich. 2012)...........................12

9

10

*Art of Living Found. v. Does*,
Case No.: 10-CV-05022-LHK, 2011 WL 5444622 (N.D. Cal. 2011)...........13

11

*Barger v. Playboy Enters., Inc.*,
564 F. Supp. 1151 (N.D. Cal. 1983) .............................................................17

12

13

*Buckley v. American Constitutional Law Found., Inc.*,
525 U.S. 182 (1999) ......................................................................................11

14

15

*In re Chevron Corp.*,
709 F. Supp. 2d 283 (S.D.N.Y. 2010) ...........................................................10

16

17

*Curtis Publishing Co. v. Butts*,
388 U.S. 130 (1967) ......................................................................................17

18

*Digital Shape Techs., Inc. v. Glassdoor, Inc.*,
Case No.16-mc-80150-JSC, 2016 WL 5930275 (N.D. Cal. 2016) ...............12

19

20

*Directv, Inc. v. Trone*,
209 F.R.D. 455 (C.D. Cal. 2002) ..................................................................20

21

22

*Does I Thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000)........................................................................11

23

24

*First Nat'l Bank of Boston v. Bellotti*,
435 U.S. 765 (1978) ......................................................................................17

25

*Global Telemedia Int'l., Inc. v. Doe 1*,
132 F. Supp. 2d 1261 (C.D. Cal. 2001) ....................................................15, 16

26

27

*In Re Grand Jury Subpoena, No. 16-03-217*,
875 F.3d 1179 (9th Cir. 2017).......................................................................11

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Intel Corp. v. Advanced Micro Devices, Inc.*
    542. U.S. 241, 246 (2004) ................................................................ 1, 9, 10, 12

*Highfields Capital Mgmt., L.P. v. Doe,*
    385 F. Supp. 2d 969 (N.D. Cal. 2005) ..................................................... *passim*

*Kechara House Buddhist Ass'n Malay. v. Doe,*
    Case No. 15-cv-00332-DMR, 2015 WL 5538999 (N.D. Cal. Sept. 18,
    2015) ............................................................................................. 13, 14

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005) ...................................................................... 14

*In re Letters Rogatory from Tokyo Dist.,*
    539 F.2d 1216 (9th Cir. 1976) ........................................................................ 9

*McIntyre v. Ohio Elections Comm'n,*
    514 U.S. 334 (1995) ...................................................................................... 10

*Milkovich v. Lorain Journal Co.,*
    497 U.S. 1 (1990) .......................................................................................... 17

*Music Group Macao Commercial Offshore Ltd. v. Does,*
    82 F. Supp. 3d 979 (N.D. Cal. 2015) .......................................................... 13, 15, 18

*NAACP v. Alabama,*
    357 U.S. 449 (1958) ...................................................................................... 11

*New York Times Co. v. Sullivan,*
    376 U.S. 254 (1964) ................................................................................ 17, 18

*Perry v. Schwarzenegger,*
    591 F.3d 1126 (9th Cir. 2010) ...................................................................... 12

*Phillips v. GMC,*
    307 F.3d 1206 (9th Cir. 2002) ...................................................................... 20

*Piping Rock Ptnrs. v. David Lerner Assocs., Inc.,*
    946 F. Supp. 2d 957 (N.D. Cal. 2013) .......................................................... 14

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
    Case No. 16-cv-00236-WHO (DMR), 2018 WL 2441518 (N.D. Cal.
    2018) ............................................................................................................ 12

*Reno v. Am. Civil Liberties Union,*
    521 U.S. 844 (1997) ...................................................................................... 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Roberts v. United States Jaycees*,
    468 U.S. 609 (1984) ............................................................................................. 11

*Rocker Mgmt. LLC v. John Does*,
    Case No. MISC. 03-003 3 CRB, 2003 U.S. Dist. LEXIS 16277 (N.D.
    Cal. May 29, 2003) ............................................................................................. 17

*Rosenblatt v. Baer*,
    383 U.S. 75 (1966) ............................................................................................. 18

*Rosenbloom v. Metromedia, Inc.*,
    403 U.S. 29 (1971) ............................................................................................. 17

*Si03, Inc. v. Bodybuilding.com, LLC*,
    Case No. CV 07-6311-EJL (Dist. Idaho May 1, 2008) .............................. 12

*Smythe v. Does*,
    Case No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. 2016) .................. 18

*SPX Corp. v. Doe*,
    253 F. Supp. 2d 974 (N.D. Ohio 2003) .......................................................... 17

*In re Sveaas*,
    249 F.R.D. 96, 106 (S.D.N.Y. 2008) ............................................................. 12

*Underwager v. Channel 9 Australia*,
    69 F.3d 361, 366 (9th Cir. 1995) .................................................................... 14

*ZL Techs., Inc. v. Gartner, Inc.*,
    709 F. Supp. 2d 790 (N.D. Cal. 2010) .......................................................... 16

**California Cases**

*Blatty v. New York Times Co.*,
    42 Cal. 3d 1033 (1986)...................................................................................... 17

*Church of Scientology v. Wollersheim*,
    42 Cal. App. 4th 628 (1996) ............................................................................ 17

*Glassdoor, Inc. v. Superior Court*,
    9 Cal.App.5th, 623 (2017)........................................................................ 11, 19

*Robins v. Pruneyard Shopping Ctr.*,
    23 Cal.3d 899 (1979) ........................................................................................ 11

*Yelp Inc. v. Superior Court*,
    17 Cal.App.5th 1 (2017).................................................................................... 11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**Federal Statutes**

United States Constitution First Amendment ......................................................... *passim*
28 U.S.C. § 1782............................................................................................ *passim*
28 U.S.C. § 1782(a) .......................................................................................... 9, 10
Fed. Rule of Civ. Proc. Rule 26....................................................................... 12
Fed. Rule of Civ. Proc. Rule 45(d)(3)(A).......................................................... 9
Fed. Rule of Civ. Proc. Rule 45(d)(3)(B).......................................................... 9

**Other Authorities**

California Constitution Article 1, § 2 ............................................................. 11
South Korea's Criminal Act Articles 307-312 ................................................. 6



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

I.    **INTRODUCTION**

Subpoena Respondent TEAMBLIND, INC. ("TeamBlind") brings this Motion to vacate this Court's June 28, 2021 Order granting the ex parte application of the Korean multinational corporation WOORI BANK and its current President and Chief Executive Officer, KWANG SEOK KWON.  TeamBlind further requests that the Court quash the associated subpoena served by Woori Bank and Mr. Kwon ("Applicants"), which seeks production of identifying information pertaining to anonymous users of the TeamBlind platform.

Pursuant to 28 U.S.C. § 1782, the Court may deny the Application on the grounds of any applicable privilege.  *Intel Corp. v. Advanced Micro Devices, Inc*. 542. U.S. 241, 246 (2004).  Applicants' subpoena serves no purpose other than to attempt to silence and unmask its critics, who are apparently its own employees, for engaging in constitutionally protected speech.  Applicants have confirmed that they will attempt to utilize any and all information from TeamBlind in an internal investigation to identify and punish the anonymous speakers.  Based on this Court's application of First Amendment protections afforded to anonymous speakers prior to issuance of a subpoena unmasking their identities, Applicants will be unable to meet the two prong test set forth in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005).  As such, this Court should vacate its June 28, 2021 Order and quash the subpoena.

II.    **FACTS**

A.    **The TeamBlind Platform**

Established in the United States in 2014, TeamBlind provides a free anonymous online community through the website, Blind, located at URL: www.teamblind.com and its associated Smartphone application, Blind.  Blind is an online service created to foster transparent and free communication for professionals worldwide.  Blind was built on the belief that extending freedom of speech to workplace conversations via anonymity empowers corporate employees to speak out, lead companies to listen, and enhance corporate culture overall.  Over 5 million professionals worldwide -- including in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   United States, South Korea, India, Canada, Germany, Ireland, and the United Kingdom --
2   use Blind to communicate with other fellow professionals.  In the United States alone,
3   there have been approximately 900,000 posts and 13 million total comments made on the
4   platform, and Blind averages approximately 2.8 million views and 100,000 unique visitors
5   on a daily basis.  Declaration of Sunguk Moon ("Moon Decl.") ¶2.

6         TeamBlind's platform is built upon the robust discussion of workplace related
7   issues, such as salaries, layoffs, interview tips, company reviews and corporate culture.
8   TeamBlind's platform is organized by various "channels" such as industries (e.g., tech,
9   finance, gaming), job groups (e.g. software engineering, marketing, or management
10  consulting) and other associated topics such as "HR Issues," COVID-19, and "Working
11  Parents."  Users can pose questions, respond to other questions, participate in polls and
12  quizzes, like and dislike other user's questions and discuss and debate various issues such
13  as compensation, hiring practices, corporate policies, diversity, quality of life, promotions,
14  and a myriad of other issues pertaining to the workplace.  Moon Decl. ¶¶5, 7.

15        A key feature of TeamBlind's platform is the employer specific channels, which
16  allows only employees from one company, who have been verified by TeamBlind as
17  working for the particular company, to congregate anonymously in a company-specific
18  forum and share ideas and opinions, and discuss company specific issues .  TeamBlind
19  hosts one such channel pertaining to Woori Bank, and only verified Woori Bank
20  employees may view and post in the Woori Bank channel.  Moon Decl. ¶8.

21        Protecting user anonymity has been the core value of Blind from the very
22  beginning.  Blind's philosophy on privacy is simple: the most secure and foolproof way to
23  protect user privacy is to disable the platform itself from linking any of its users to
24  personally identifiable information such as an email address.  Blind has a patented
25  infrastructure where one-way hashed user emails are stored in a separate database from
26  user accounts.  Therefore, even Blind's administrators cannot identify a user's actual
27  identity.  The patent is registered with the United States Patent & Trademark Office.  Blind
28  also does not track or record IP addresses or any other personally identifiable information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                                      2                              4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1  of any of its users.  This anonymity feature of Blind has led to and built strong trust of the

2  platform from its users and has allowed professionals to freely express their voices on

3  Blind over the past seven years.  Moon Decl. ¶3.

4      While certain channels are publicly accessible, in order to be able to post on

5  TeamBlind or communicate with other anonymous users, a user must first have their email

6  verified through their company email address.  This ensures that the user is an employee of

7  the company that the user purports to work for.  TeamBlind designed and patented the

8  specific technology that verifies the user's email address, which is "hashed" and encrypted

9  in such a manner such that a user's automatically assigned screen name cannot be matched

10  with the associated email address.  Moon Decl. ¶6.

11      Even brief perusal of the topics discussed on TeamBlind's channels readily

12  illustrates the social utility that its platform provides to employees, job seekers, students, as

13  well as employers.  See, e.g., https://www.teamblind.com.  As Forbes reported, "Blind is

14  proving to be a trusted space for corporate employees to provide real-time and honest

15  feedback they otherwise would not be able to because of bureaucracy and office politics."[1]

16  CNN reported that "At a time when workplace scandals are increasingly exposed -- there is

17  a growing distrust in how businesses are managing employee complaints.  Some

18  employees are turning to Blind, and companies are taking note."[2]

19      Providing a forum for employees to speak openly about their work culture, without

20  fear of reprisal or retaliation and encouraging frank discussion about the workplace, has

21  been the foundation of TeamBlind's growth.  The corresponding social utility that

22

23

24  [1] Trieu, Rosa, *How Businesses Are Using Anonymous Blind App To Change Work Culture* (https://www.forbes.com/sites/rosatrieu/2016/07/02/how-businesses-are-using-anonymous-blind-app-to-change-work-culture/?sh=3d7c881bff81).

25  [2] O'Brien, Sara, *App lets workers talk about their companies anonymously*

26  (https://money.cnn.com/2018/02/12/technology/blind-app/index.html.) *See also* Zakrzewski, Cat, *Tech Employees Are Anonymously Venting on a Popular Korean App*

27  (https://www.wsj.com/articles/tech-employees-are-anonymously-venting-on-a-popular-korean-app-1494847801)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1   TeamBlind's platform has conferred on employees, job seekers and students, throughout

2   the United States, as well as in other countries, cannot be understated.  Maintaining

3   anonymity on TeamBlind's platform ensures this continued exchange of ideas and robust

4   discussion of relevant subjects related to the workplace.  See Moon Decl. ¶9.

5        **B.     Woori Bank**

6        Woori Bank is a Korean multinational bank established in 1899 and headquartered

7   in Seoul, Korea.[3]  Woori Bank has been and currently is one of the largest and most

8   powerful corporate entities in Korea.  Woori Bank is a subsidiary of Woori Financial

9   Group, Inc., established on January 11, 2019 via a comprehensive stock transfer from

10  Woori Bank.[4]  Woori Financial Group, Inc.'s "overall business and operations after the

11  stock transfer, on a consolidated basis, are identical to those of Woori Bank on a

12  consolidated basis immediately prior to the stock transfer."[5]  By its own admission, Woori

13  Bank is "one of the largest commercial banks in Korea" and Woori lists more than $367

14  billion in assets.[6]  Woori operates in 15 countries, including a Gaesong Branch, currently

15  located in Seoul due to the shutdown of the Gaesong Industrial Complex in North Korea.[7]

16       **C.     February 16, 2021 and February 26, 2021 Posts**

17       Applicant, Kwang Seok Kwon is the Representative Director (the equivalent of

18  President and Chief Executive Officer) of Woori Bank.[8]  In February and March of 2021,

19

20  _____

21  [3] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶3.

22  [4] See concurrently filed Declaration of Justin S. Kim ("JSK Decl."), ¶2a; Exhibit 1, Woori
    Financial Group, Inc. April 21, 2021 Annual Report, pgs. 1.  *See also* Woori Bank's and Kwang
23  Seok Kwon's Certification of Interested Entities, Docket no. 4, pg. 1:9-10 ("Woori Bank is a
    wholly owned subsidiary of Woori Financial Group, a publicly- traded company organized under
24  Korean law.")

    [5] JSK Declaration, ¶2a, ¶2b; Exhibit 1, pg. 1, 38-44.
25
    [6] JSK Declaration, ¶2a, ¶2d, Exhibit 1, pgs. 44, 5.
26
    [7] JSK Declaration, ¶2c, Exhibit 1, pgs. 64.
27  [8] JSK Declaration, ¶3, Exhibit 2; Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2,
    ¶4.
28

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  he was being considered for reelection as the President and CEO.[9]  In a declaration

2  submitted in support of Woori Bank's ex parte application, Jae Ho Kim, the Deputy

3  General Manager for Woori Bank, presupposes, without any basis, that "in an apparent

4  attempt to influence the Bank's election process, and prevent a fair election, an anonymous

5  poster or persons began making posts on the social media platform called 'Blind' attacking

6  Mr. Kwon."[10]  Mr. Kim further avers that the anonymous poster with the username

7  "Ijlij!llij" made defamatory statements regarding Mr. Kwon on February 16, 2021, even

8  though none of the statements in the allegedly defamatory posts named Mr. Kwon.[11]

9         According to Mr. Kim's declaration, the anonymous individual also posted a color

10 photograph of a man embracing a woman.[12]  Mr. Kim included an English translation of

11 the allegedly defamatory posts, wherein the poster first states that "Woori Bank allegedly

12 operates an online comments monitoring team and a Blind monitoring team – isn't this

13 worse than the online comments monitoring team at the National Intelligence Service?"

14 The poster then offers critical commentary regarding a "boss" and a "leader" and claims

15 that the man depicted in the photograph should not have been engaged in a late night

16 drinking party with a young woman.  The poster also complains that the "blood and sweat"

17 of thousands of Woori Bank employees are being wasted on drinks and includes additional

18 criticism of an unidentified person.[13]  The statements and photograph were posted on a

19 channel on TeamBlind's platform that is only open to Woori Bank employees and the

20 photograph was reposted by usernames "Last question" and "I disagree" on February 26,

21 2021.[14]  At the time the photograph was reposted on February 26, 2021, there was no link

22

23 [9] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶5.

24 [10] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶6.

25 [11] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶7. Docket no. 1-3, "Exhibit 2" at pages 7-8 of 18.

26 [12] *Id*.

27 [13] *Id*.

28 [14] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶¶9-10; Docket no. 1-3, (footnote continued)

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to the original February 16, 2021 post and the February 26, 2021 postings similarly did not

2  reference Mr. Kwon by name.[15]  Mr. Kim claims throughout his declaration that the poster

3  or posters directly referenced "Mr. Kwon" even though none of the provided English

4  translations of any of the referenced posts from "Ijlij!llij," "Last question" or "I disagree"

5  name Mr. Kwon.[16]

6        **D.**      **Woori Bank and Mr. Kwon's Criminal Pursuit of Anonymous Speakers**

7        Articles 307-312 of South Korea's Criminal Act sets forth various "crimes against

8  reputation," which include defamation, defamation through printed materials and insult.

9  The publication of truthful statements can also lead to criminal liability.  Individuals who

10  defame others by "publicly alleging facts" face up to three years imprisonment.  In these

11  cases, the defense of truth is only available to defendants who can demonstrate that their

12  communications were made "solely for the public interest." Individuals may also face up

13  to a year imprisonment for "publicly insulting another."[17]

14        Within 24 hours after the February 16, 2021 postings, Woori Bank and Mr. Kwon

15  filed a criminal Complaint with a police station in Seoul against the individual who posted

16  the February 16, 2021 post.[18]  Woori Bank and Mr. Kwon alleged defamation, distribution

17  of defamation using electronic communications systems, and distribution of false

18  photographs that caused sexual humiliation.[19]

19  _____

20  "Exhibits 3-4" at pages 11-18 of 18.

21  [15] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶¶9-10; Docket no. 1-3, "Exhibit 4" at pages 17 of 18.

22  [16] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶¶6-10; Docket no. 1-3,
23  "Exhibits 2, 4" at pages 7-8, 17 of 18.  In his declaration, Woori Bank and Mr. Kwon's counsel in Korea makes similar statements, i.e., that all of the referenced posts attacked Mr. Kwon, even though none of the English translations of the posts name Mr. Kwon.   Woori Bank and Mr. Kwon
24  acknowledge that, after the referenced statements were posted on the Woori Bank channel, Mr. Kwon was reelected as the President and CEO of Woori Bank.  Declaration of Jae Ho Kim filed
25  April 20, 2021, Docket no. 1-2, ¶11.

26  [17] Declaration of Kyunghwan Kim, ¶2.

27  [18] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶8, Exhibits F, G.

28  [19] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶8, Exhibits F, G, H.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                  6                  4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

Following the February 26, 2021 posts, on March 15, 2021, Woori Bank and Mr. Kwon filed a criminal complaint against the anonymous poster or posters, for "attempted interference with the Bank's business operations, including intimidating and coercing Mr. Kwon to give up on serving consecutive terms as the CEO of Woori Bank."[20]

Apparently unsatisfied that its multiple criminal complaints filed with the police against the anonymous poster were insufficient, Mr. Kwon and Woori Bank subsequently also filed two additional civil actions against TeamBlind, as well as its Chief Executive Officer, Mr. Sunguk Moon.[21]  In one action, Woori Bank and Mr. Kwon allege that TeamBlind failed to filter or remove the defamatory posts.  The other action demands that TeamBlind preserve evidence, for future collection by legal authorities through on-site examination and document production orders.[22]

**E.     Filing of the Ex Parte Application and Criminal Complaint in Seoul**

On April 20, 2021, Woori Bank and Mr. Kwon filed an ex parte application in this Court pursuant to 28 U.S.C § 1782, seeking production of any and all identifying information pertaining to the anonymous posters.[23]

Despite the multiple civil and criminal actions pursued by Woori Bank and Mr. Kwon prior to the filing of their ex parte application in this Court, on May 12, 2021, Woori Bank's Korean attorneys transmitted yet another a criminal Complaint to the Seoul police station.[24]  The May 12, 2021 criminal Complaint was directed personally to TeamBlind's Chief Executive Officer, Sunguk Moon as well as an unidentified employee of TeamBlind, who Woori Bank claims was responsible for monitoring posts on the TeamBlind

---

[20] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶9, Exhibits I, J, K, L.

[21] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶14.

[22] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶14.

[23] Court docket no. 1 – Ex Parte Application and Memorandum of Law in Support of Ex Parte Application to Issue a Subpoena Pursuant to 28 U.S.C. § 1782.

[24] Declaration of Kyunghwan Kim, ¶3, Exhibit A

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                    7                    4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1  platform.[25]  In the criminal Complaint, Woori Bank requests the police to investigate and

2  punish Mr. Moon for aiding and abetting in the alleged harassment and defamation.[26]

3          The Korean attorney for Woori Bank and Mr. Kwon confirms in his declaration that

4  "The discovery sought by the Applicants in this district will be used to identify the true

5  identity of the Doe defendant(s) in the ongoing criminal and civil proceedings in Korea."[27]

6  Applicants' Korean counsel further advises that Woori Bank and Mr. Kwon anticipate

7  tracking down the anonymous posters by issuing subpoenas as necessary to Internet

8  Service Providers to track IP addresses, matching email address time sign ups, and even

9  going so far as to locate the house or apartment building of the Woori Bank employee or

10  employees who engaged in the speech to locate and prosecute them.[28]

11          On June 28, 2021, this Court granted Applicants' ex parte application and the Court

12  ordered TeamBlind to serve a copy of the subpoena and its Order on each individual

13  associated with the three usernames identified by Applicants.[29]  Applicants served

14  TeamBlind with the subpoena and this Court's Order on July 6 and 7, 2021.[30]  As

15  TeamBlind is not in possession of any contact information pertaining to the individuals

16  associated with the usernames "ijlij!llij," "I disagree" and "Last question," it was not

17  possible for TeamBlind to comply with the Court's directive to transmit a copy of the June

18  28, 2021 Order to the individual(s) who posted under these usernames.  Moon Decl. ¶11.

19  TeamBlind's counsel subsequently met and conferred telephonically with Applicants'

20  counsel, requesting withdrawal of the subpoena, however, Applicants did not agree to

21  same, necessitating the filing of this Motion.[31]

22  _____

23  [25] Declaration of Kyunghwan Kim, ¶3, Exhibit A

24  [26] Declaration of Kyunghwan Kim, ¶3, Exhibit A

   [27] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶18.

25  [28] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶18.

26  [29] June 28, 2021 Order, docket no. 5, pg. 6:28-7:4.

27  [30] Declaration of Sunguk Moon, ¶10 Exhibits 1 and 2 – Subpoenas

   [31] JSK Decl., ¶4, Exhibit 3.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1  III.    **ARGUMENT**

2      A.    **This Motion is a Timely and Proper response to this Court's Order and
            the 28 U.S.C. § 1782 Application**

3

4      This Motion is timely, as this Court ordered that TeamBlind "shall have 30 calendar

5  days from the date of service upon them to file any motions in this court to contest the

6  subpoena." (June 28, 2021 Order, pg. 7:5-7). TeamBlind was served with the subpoena

7  and first learned of the Court's Order on July 6, 2021. (Moon Decl., ¶10). This Motion is

8  being filed within the 30 day time frame provided by the Court.

9      As Woori acknowledged on page 6:14-17 of its ex parte application and this Court

10 held on pg. 7:5-7 of its Order, TeamBlind may dispute the subpoena via "any motions in

11 this court." *In re Letters Rogatory from Tokyo Dist*., 539 F.2d 1216, 1219 (9th Cir. 1976)

12 ("The witnesses can and have raised objections and exercised their due process rights by

13 motions to quash the [28 U.S.C. § 1782] subpoenas."). This Court held that its findings

14 "do not preclude TeamBlind from contesting the subpoena." (June 28, 2021 Order, pg.

15 6:20-21). Fed. Rule of Civ. Proc. Rule 45(d)(3)(A) commands that "On timely motion, the

16 Court for the district where compliance is required must quash or modify a subpoena

17 that…requires disclosure of privileged or other protected matter, if no exception or waiver

18 applies" or "subjects a person to undue burden." Fed. Rule of Civ. Proc. Rule 45(d)(3)(B)

19 allows this Court, on motion, to quash a subpoena if it requires "disclosing a trade secret or

20 other confidential research, development, or commercial information."

21     B.    **The Court Should Quash the Subpoena on the Grounds that it Seeks
            Identifying Information Which Violates TeamBlind's Users' First
            Amendment Rights of Anonymous Free Speech**

22

23     In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court explained: "We

24 caution, however, that § 1782(a) authorizes, but does not require, a federal district court to

25 provide judicial assistance to foreign or international tribunals or to "interested persons" in

26 proceedings abroad." 542. U.S. 241, 246 (2004). Justice Ginsberg's clarification was

27 consistent with the statute's language, which states that "The district court of the district in

28 which a person resides or is found **may** order him to give his testimony or statement or to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1

9

4:21-mc-80084-DMR

1   produce a document or other thing for use in a proceeding in a foreign or international

2   tribunal…" 28 U.S.C. § 1782(a).  Additionally, 28 USC § 1782 commands that "A person

3   may not be compelled to give his testimony or statement or to produce a document or other

4   thing in violation of any legally applicable privilege."  *Intel*, supra, 542 U.S. 241, 260.

5   See, e.g., *In re Chevron Corp.*, 709 F. Supp. 2d 283, 295 (S.D.N.Y. 2010) (Court evaluated

6   assertion of journalistic privilege in ruling on 28 USC 1782 application).

7       Applicants' subpoena seeks production of any and all information pertaining to the

8   user accounts which Applicants will utilize in an apparently unceasing investigation to

9   attempt to unmask the Woori Bank employee or employees who authored the posts.[32]

10  Applicants' targeted campaign seeks to identify and silence its critics—its own

11  employees— and to deter others from engaging in similar, constitutionally protected

12  anonymous speech.  The Court should vacate its Order and quash the subpoena.

**1.    First Amendment Rights of Anonymous Speech Prohibit
       Production of Any Information by TeamBlind**

15      "An author's decision to remain anonymous, like other decisions concerning

16  omissions or additions to the content of a publication, is an aspect of the freedom of speech

17  protected by the First Amendment." *In re Anonymous Online Speakers*, 661 F.3d 1168,

18  1173 (9th Cir. 2011) (quoting *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342

19  (1995)).  It is well established that this decision to remain anonymous extends to

20  anonymous speech made on the internet. "[O]nline speech stands on the same footing as

21  other speech—there is 'no basis for qualifying the level of First Amendment scrutiny that

22  should be applied' to online speech." *Id*. (quoting *Reno v. Am. Civil Liberties Union*, 521

23  U.S. 844, 870 (1997)).  "As with other forms of expression, the ability to speak

24  anonymously on the Internet promotes the robust exchange of ideas and allows individuals

25  to express themselves freely without 'fear of economic or official retaliation . . . [or]

[32] Declaration of Keebong Paek filed April 20, 2021, Docket no. 1-4, ¶18.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1
10
4:21-mc-80084-DMR

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1  concern about social ostracism'." *In re Anonymous*, 661 F.3d at 1173 (quoting *McIntyre*,

2  514 U.S. at 341-42).  See also, *Buckley v. American Constitutional Law Found., Inc.*, 525

3  U.S. 182, 200 (1999).[33]

4      The anonymous users also have a right of privacy under the U.S. and California

5  Constitutions. Article 1, section 2 of the California Constitution guarantees that "[e]very

6  person may freely speak, write and publish his or her sentiments on all subjects." Cal.

7  Const. art. I, § 2. The California Supreme Court has recognized that the California

8  Constitution is "more protective, definitive and inclusive of rights to expression and

9  speech" than the First Amendment to the United States Constitution. *Robins v. Pruneyard*

10  *Shopping Ctr.*, 23 Cal.3d 899, 908, 910 (1979), aff'd, 447 U.S. 74 (1980). Moreover, "[t]he

11  Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs'

12  privacy." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 n.9 (9th Cir.

13  2000).[34]

14      By initiating multiple concerted criminal and civil actions against the anonymous

15  posters in Korea, initiating a criminal Complaint the Seoul police department against

16  TeamBlind's Chief Executive Officer and pursuing cross-border discovery to serve a

17  subpoena on TeamBlind, Woori Bank, allegedly one of the largest commercial banks in

18  Korea, apparently seeks to deter its own employees for exercising their First Amendment

19

20  [33] California recognizes that a website host such as TeamBlind has standing to assert the First
21  Amendment rights of anonymous users of its platform.  *Glassdoor, Inc. v. Superior Court*, 9
    Cal.App.5th, 623, 628-634 (2017).  Service providers such as TeamBlind have "a significant stake
22  in vigorously protecting its [reviewers'] First Amendment rights, because a failure to do so could
    affect [its] ability to maintain and broaden its client base."  *Yelp Inc. v. Superior Court*, 17
23  Cal.App.5th 1, 12 (2017).

24  [34] Relatedly, anonymous users also have an associational right of privacy to exchange their views
    with other anonymous users. Implicit in the First Amendment is a "right to associate for the
25  purpose of engaging in those activities protected by the First Amendment." *In Re Grand Jury
    Subpoena, No. 16-03-217*, 875 F.3d 1179, 1184 (9th Cir. 2017) (citing *Roberts v. United States
26  Jaycees*, 468 U.S. 609, 618 (1984)). Because there is a "vital relationship between freedom to
    associate and privacy in one's associations," forcing organizations to disclose their members'
27  identities can infringe on their associational rights." *Id.* (citing *NAACP v. Alabama*, 357 U.S. 449,
    462, 466 (1958)).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                                        11                              4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1   rights and discourage others from engaging in similar, anonymous speech.  Woori Bank

2   and Mr. Kwon continued this pursuit despite the fact that Mr. Kwon was reelected.  One

3   District Court properly observed this trend, finding that "[b]ecause companies can abuse

4   the subpoena power to silence legitimate speech, courts have had to determine when it is

5   appropriate to order an Internet Service Provider ("ISP") to disclose the identity of the

6   author behind an anonymous posting."  *Si03, Inc. v. Bodybuilding.com, LLC*, Case No. CV

7   07-6311-EJL at *7 (Dist. Idaho May 1, 2008).

8         Under 28 USC § 1782, which allows TeamBlind to assert "any legally applicable

9   privilege," Applicants' subpoena must be quashed.  *Planned Parenthood Fed'n of Am.,*

10  *Inc. v. Ctr. for Med. Progress*, Case No. 16-cv-00236-WHO (DMR), 2018 WL 2441518

11  (N.D. Cal. 2018) (this Court recognizing a "First Amendment privilege"); *Perry v.*

12  *Schwarzenegger*, 591 F.3d 1126, 1134-1136 (9th Cir. 2010) (recognizing "First

13  Amendment privilege").  Other courts have evaluated a section 1782 request under the

14  fourth *Intel* factor – whether the request is unduly intrusive or burdensome.  *Digital Shape*

15  *Techs., Inc. v. Glassdoor, Inc*., Case No.16-mc-80150-JSC, 2016 WL 5930275 at *5, *12.

16  (N.D. Cal. 2016).

17        In a Section 1782 proceeding, the discovery sought must not be "unduly intrusive or

18  burdensome" under the Federal Rules of Civil Procedure. See *Intel*, 542 U.S. at 265; *In re*

19  *App. of IPC Do Nordeste, LTDA*, Case no. 12-50624, 2012 WL 4448886 at *19 (E.D.

20  Mich. 2012) ("unduly intrusive or burdensome" factor is based on the incorporation by

21  reference in § 1782 of the Federal Rules of Civil Procedure"); *In re Sveaas*, 249 F.R.D. 96,

22  106 (S.D.N.Y. 2008) ("The proper scope of the discovery sought under section 1782, like

23  all federal discovery, is governed by Federal Rule 26(b).").  Under "the standards in the

24  Federal Rules of Civil Procedure," "in evaluating whether there is good cause to allow

25  early discovery to determine the identity of an unknown party, courts consider whether the

26  applicant" "demonstrates that the action can withstand a motion to dismiss." *In re Ex Parte*

27  *App. of Jommi*, No. C 13-80212, *4 (N.D. Cal. November 15, 2013) As set forth below,

28  Applicants cannot meet this burden.

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2

        2.      **The Court Should Not Order Production Because Applicants Do Not Meet the Requirements Set Forth in *Highfields Capital Mgmt., L.P. v. Doe***

3        Under the Ninth Circuit's guidance in *Anonymous Online Speakers v. United States*

4  *Dist. Court*, 661 F.3d 1168, 1174-1176 (9th Cir. 2011), the Court may apply a variety of

5  standards in evaluating whether anonymous speech is entitled to First Amendment

6  protection.  As this matter, which involves an employee's anonymous communications to

7  other employees regarding the workplace, *Highfields Capital Mgmt., L.P. v. Doe*, 385 F.

8  Supp. 2d 969, 975-76 (N.D. Cal. 2005), applies.

9        This Court previously explained that the *Highfields* standard concerns "the right to

10  express most effectively and anonymously, without fear of expensive adverse

11  consequences, [the defendant's] views about matters in which many other members of the

12  public are interested." *Kechara House Buddhist Ass'n Malay. v. Doe*, Case No. 15-cv-

13  00332-DMR, 2015 WL 5538999 (N.D. Cal. September 18, 2015).  See also *Art of Living*

14  *Found. v. Does*, Case No.: 10-CV-05022-LHK, 2011 WL 5444622, (N.D. Cal. 2011) (in

15  applying *Highfields*, Court held that "anonymous statements that the Art of Living

16  Foundation is basically a cult and a sham is speech on a 'public issue.'  The California

17  Court of Appeal has noted that 'although matters of public interest include legislative and

18  governmental activities, they may also include activities that involve private persons and

19  entities, especially when a large, powerful organization may impact the lives of many

20  individuals.'" (quoting *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 649

21  (1996)).

22

23

        a.      **Applicants Do Not Meet the First *Highfields* Prong Because They Cannot Make Prima Facie Case for Defamation Against the Anonymous Posters**

24      *Highfields* establishes that the First Amendment protects an anonymous speaker

25  from being unmasked unless the plaintiff "persuade[s] the court that there is a real

26  evidentiary basis for believing that the defendant has engaged in wrongful conduct that has

27  caused real harm to the interests of the plaintiff." *Music Group Macao Commercial*

28  *Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Capital*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1

13

4:21-mc-80084-DMR

1  *Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005).  "It is not enough for a

2  plaintiff simply to plead and pray. Allegation and speculation are insufficient. The

3  standards that inform Rule 8 and Rule 12(b)(6) offer too little protection to the defendant's

4  competing interests."  *Highfields*, supra, at 975.

5  To establish that they are entitled to any information from TeamBlind, Applicants

6  must make a prima facie case of defamation as to the author they wish to identify.

7  *Kechara House Buddhist Ass'n Malay. v. Doe*, Case No. 15-cv-00332-DMR, 2015 WL

8  5538999 (N.D. Cal. September 18. 2015) (per *Highfields Capital*, plaintiff must "show[] a

9  'real evidentiary basis' for its defamation claim" to identify author of allegedly defamatory

10  statement).

11  Applicants cannot make a prima facie case of defamation. A reasonable reader

12  would not construe any of the referenced posts as making actionable statements of fact, but

13  rather constitutionally protected statements of opinion.  See *Piping Rock Ptnrs. v. David*

14  *Lerner Assocs., Inc*., 946 F. Supp. 2d 957, 971 (N.D. Cal. 2013) ("Generally, statements of

15  opinion are not actionable as defamation, whereas statements of fact are actionable.").

16  Determining how a reasonable reader would interpret the posts depends on an analysis of

17  the posts' language and context. See *Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005)

18  (in deciding whether allegedly defamatory statement is fact or opinion, "[o]ur first inquiry

19  is into the . . . 'the general tenor of the entire work, the subject of the statements, the

20  setting, and the format of the work,'" and "the 'specific context and content of the

21  statements, analyzing the extent of figurative or hyperbolic language used and the

22  reasonable expectations of the audience in that particular situation'") (quoting *Underwager*

23  *v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995)).

24  The initial February 16, 2021 post by "ijlij!llij," first opines that "Woori Bank

25  allegedly operates an online comments monitoring team and a Blind monitoring team –

26  isn't this worse than the online comments monitoring team at the National Intelligence

27  Service?," an innocuous comment.  The poster then expresses dislike and criticism in

28  unflattering, yet vague and hyperbolic terms, referencing the photograph.  The poster

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                    14                    4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1    references "a shameful act," and further insinuating "where on earth is this place, and who

2    is this woman in his arms."  The poster complains of working conditions of "sweating at

3    sales sites" and "sacrificing themselves," with "blood and sweat" being wasted on "a

4    pathetic man's nightly drinks" and "flowing down the throats."  The poster complains that

5    he is "furious," that "Woori Bank is not your personal property" and the its "employees are

6    not just slaves running around and bowing down."  The poster further claims that "You got

7    that position without any ability" and "riding someone's coattails," resulting in "no

8    achievements" in the past year, and "a man who is more suitable as a staff or a secretary."

9    The poster further claims that the bank is ranked "7th or 8th," and further complains that it

10   "makes me pound the ground and vomit blood."[35]  Plainly, these statements are

11   emotionally charged and exaggerated.  The tone of the statements, presented as a whole,

12   are so outlandish that no rational person could believe them to be purported statements of

13   fact.  In sum, the poster loses all credibility with the reader.

14       The February 26, 2021 posts do not name Mr. Kwon, and are similarly cynical,

15   rendering the posts not credible and not actionable.[36]  See *Music Group Macao*, 82 F.

16   Supp. 3d at 986 (quashing subpoena seeking anonymous defendant's identity because,

17   "[v]iewed 'in context,' . . . amid the blizzard of invective from an obviously disgruntled

18   person," poster's statement that plaintiff evaded taxes was a "rant among countless others

19   from someone with an obvious grudge against" plaintiff).

20       The fact that the subject posts were written by an anonymous individual in an online

21   forum also weights in favor of finding the posts to be non-actionable opinion. See *Global

22   Telemedia Int'l., Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1267 (C.D. Cal. 2001), the court

23   recognized that "[u]nlike many traditional media, there are no controls on the [Internet]

---

[35] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶7. Docket no. 1-3, "Exhibit 2" at pages 7-8 of 18.

[36] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶¶9-10; Docket no. 1-3, "Exhibit 4" at pages 17 of 18.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                                    15                        4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

postings." *Id*. at 1264. "The general tenor, the setting and the format of [the posters']

statements strongly suggest that the postings are opinion. The statements were posted

anonymously in the general cacophony of an Internet chat-room in which about 1,000

messages a week are posted about [the plaintiff]." *Id*. at 1267. As to the allegedly

defamatory comments themselves, the court looked to their overall context, commenting:

"Importantly, the postings are full of hyperbole, invective, short-hand phrases and

language not generally found in fact-based documents, such as corporate press releases or

SEC filings." *Id*. In light of the postings' exaggeration, figurative speech, colorful

language, and broad generalities the court found that the "reasonable reader, looking at the

hundreds and thousands of postings about the company from a wide variety of posters,

would not expect that [the defendant] was airing anything other than his personal views"

and were not defamatory as a matter of law. *Id*. at 1268. Likewise, Woori Bank itself

cannot sufficiently allege any particularized harm, as the statements were posted in the

Woori Bank channel, limited to Woori Bank employees and directed to the operations of

the bank itself.

TeamBlind's site makes clear that it does not control the contents of users' posts,

and that it simply provides a forum for third parties to express opinions.[37] These

disclaimers also support a finding that a reasonable reader would interpret the posts as

opinion. See *ZL Techs., Inc. v. Gartner, Inc.*, 709 F. Supp. 2d 790, 797 (N.D. Cal. 2010)

(in defamation action concerning review of plaintiff's products, the fact that the review

stated that "[t]he opinions expressed herein are subject to change without notice"

supported finding that review was protected opinion).

---

[37] TeamBlind's Terms of Use warn that "We do not endorse, support, represent or guarantee the completeness, truthfulness, accuracy, or reliability of any Content or communications posted via the Services or endorse any opinions expressed via the Services. You understand that by using the Services, you may be exposed to Content that might be offensive, harmful, inaccurate or otherwise inappropriate, or in some cases, postings that have been mislabeled or are otherwise deceptive." Declaration of Keebong Paek filed April 20, 2021, Exhibit C: TeamBlind Terms of Use & Sale as of 3/30/2021, Docket no. 1-5, Page 10 of 173.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                                         16                                    4:21-mc-80084-DMR
RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1    Courts have reviewed similar emotionally charged statements and determined them

2  to be not actionable.  In *Rocker Mgmt. LLC v. John Does*, Case No. MISC. 03-003 3 CRB,

3  2003 U.S. Dist. LEXIS 16277 (N.D. Cal. May 29, 2003), the plaintiff investment

4  management firm subpoenaed a third-party ISP to obtain information identifying

5  anonymous Internet posters critical of the plaintiff.  In its underlying libel claim, the

6  plaintiff accused the defendant of stating on a Yahoo! message board that the plaintiff

7  "'threaten[s] analyst[s] who are bullish on certain stocks' and of spreading lies 'about

8  those stocks'" as well as stating that the plaintiff "is the subject of a Securities and

9  Exchange Commission investigation." *Id*. at *2.  Addressing the question of whether the

10  defendant's postings were libelous, the court examined the "'totality of the circumstances'

11  in which the statement was made" and concluded that the context of the defendant's

12  statements reveal non-libelous expressions of opinion rather than actionable statements of

13  fact and quashed the subpoena.  *Id*. at *8.[38]

14    Finally, "[p]laintiffs who sue for defamation must show that the allegedly libelous

15  statements were made 'of and concerning' them, i.e., referred to them personally." *Barger*

16  *v. Playboy Enters., Inc.*, 564 F. Supp. 1151, 1153 (N.D. Cal. 1983); *Blatty v. New York*

17  *Times Co.*, 42 Cal. 3d 1033, 1042 (1986).  In this case, none of the allegedly offensive

18  posts reference Mr. Kwon and as such, are not actionable.[39]  Additionally, the statements

19  are directed to an individual, as opposed to Woori Bank and, in the context of the

20  _____

21  [38] Similarly, *SPX Corp. v. Doe*, 253 F. Supp. 2d 974 (N.D. Ohio 2003) involved a publicly traded
corporation's defamation action against an individual who had allegedly posted false statements
22  on an Internet message board maintained by Yahoo! Inc. *Id*. at 976. The challenged statements
warned investors of forthcoming investigations of the corporation by the FBI and the SEC and
23  advised investors to sell the corporation's stock. *Id*. at 976-77. Dismissing the action, the court
concluded that the challenged statements were protected opinion in light of accompanying
24  "cajoling invective hyperbole."

25  [39] Should the Court find that the posts reference Mr. Kwon, TeamBlind submits, in the alternative,
that the speech would be afforded enhanced protection under the First Amendment on the grounds
26  that Mr. Kwon is undoubtedly a public figure. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279
(1964); *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967); *Rosenbloom v. Metromedia, Inc.*, 403
27  U.S. 29 (1971); *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990); *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 777 (1978).

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   statements as a whole, Woori Bank is unable to establish a prima facie case of defamation,

2   business interference or any other claims associated with the posts.[40]

3          **b.    Applicants Cannot Satisfy the Second Prong of *Highfields***

4          **Prong Because the Balance of Interests Do Not Weight in Applicants' Favor**

5          Assuming *arguendo* that Applicants are able to establish the initial requisite

6   showing "that there is a real evidentiary basis for believing that the defendant has engaged

7   in wrongful conduct that has caused real harm to the interests of the plaintiff," the court

8   must then "assess and compare the magnitude of harms that would be caused" to the

9   plaintiff and defendant's competing interests if the court ordered disclosure of the

10  speaker's identity.  *Highfields*, supra, 385 F. Supp. 2d at 976; *Smythe v. Does*, Case No.

11  15-mc-80292-LB, 2016 WL 54125 at *11 (N.D. Cal. 2016) ("Because the plaintiff has not

12  shown that the challenged comments yield a real evidentiary basis for her claims against

13  either user, the court does not reach the second, balancing prong of the *Highfields Capital*

14  test.")  If the court is not satisfied that the plaintiff has met both prongs of the *Highfields*

15  test, then Applicants are not entitled to discover the anonymous speaker's identity. See

16  *Music Group Macao,* supra, 82 F. Supp. 3d at 985-87.

17         In this case, even if Applicants reach the second *Highfields* prong, the balance of

18  interests do not weigh in Applicants' favor.  Mr. Kwon alleges in his Complaint against the

19  anonymous poster(s) that the individual who created the anonymous posts "manipulated

20  the photo of face and body of Plaintiff Kwon in a form that could induce sexual desire or

21  humiliation against the will of Plaintiff Kwon for the purpose of distribution, and at the

22  same time, for the purpose of defaming Plaintiff Kwon and Woori Bank. . . thereby

---

23

24  [40] In light of Woori Bank's substantial connections with the government of South Korea, as
    explained in detail on pages 37-44 of the April 30, 2021 Form 20-F filing with the Securities

25  Exchange Commission, Woori Bank can also be considered to be a governmental entity and as
    such, any speech construed to be against Woori Bank is protected by the First Amendment.  *New*

26  *York Times Co. v. Sullivan* (1964) 376 U.S. 254, 270 ("vehement, caustic, and sometimes
    unpleasantly sharp attacks on government and public officials" protected).  *Rosenblatt v. Baer*,

27  383 U.S. 75, 85 (1966) ("[c]riticism of government is at the very center of constitutionally
    protected area of free discussion.")

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4821-1932-1333.1                          18                          4:21-mc-80084-DMR

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1  insulting Plaintiff and Woori Bank and damaging their reputation to a large number of

2  unspecified individuals."[41]  Woori Bank speculatively alleges damage to its reputation

3  while acknowledging that the posts were posted on the Woori Bank channel, which is

4  limited to Woori Bank employees.[42]

5       In light of the context of the proceedings in Korea, including potential criminal

6  prosecution of TeamBlind's Chief Executive Officer, Mr. Moon, equity weighs in favor of

7  TeamBlind.  Applicants fully acknowledge that Mr. Kwon was reelected, following the

8  posting of the allegedly defamatory posts.  TeamBlind has an immediate and substantial

9  interest in maintaining the confidence of its users and would be severely harmed if forced

10  to provide information to be utilized in Applicants' investigation.  The California Court of

11  Appeal recognized this particularized interest in relation to Glassdoor, an online

12  anonymous employer review website, as follows:

13           As Glassdoor's corporate counsel declared, its business model "relies
             on maintaining its users' anonymity. The reliability of the information
14           on glassdoor.com would likely decrease if litigants could readily obtain
             users' identities, because users would fear retaliatory litigation based
15           on the information they posted." This would naturally tend to harm
             Glassdoor's interests, because its usefulness to potential readers
16           depends on the degree to which posters feel able to frankly recount
             their employment experiences without fear of adverse consequences. In
17           the case of a current employee, such consequences can be severe, up to
             and including termination of employment. Even a past employee may
18           be exposed to retaliation by, for instance, unfavorable references.
             Anonymity may provide a would-be poster's only real protection
19           against such consequences. By providing it, Glassdoor creates an
             opportunity for users to safely provide content of interest to other users.
20           [*Glassdoor, Inc. v. Superior Court,* 9 Cal.App.5th, 623, 630 (2017).]

21  TeamBlind similarly relies on maintaining its users' anonymity in providing its free speech

22  platform.  Woori Bank and Mr. Kwon's Korean counsel has confirmed that his clients, an

23  exceedingly powerful executive and a multinational bank, will continue their campaign to

24

25  [41] Declaration of Keebong Paek filed April 20, 2021, Exhibit G, Docket no. 1-5, pg. 40 of 173.

26  [42] Declaration of Jae Ho Kim filed April 20, 2021, Docket no. 1-2, ¶11.  Notably, based on Woori
     Financial Group, Inc.'s own statements in its April 30, 2021 Annual Report, Woori Bank does not
27   appear to have suffered any damages whatsoever as of late.  JSK Declaration, Exhibit 1, pg. 44.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

1  criminally punish the anonymous poster(s).  Should the Court order production of any

2  information, any compromise of user data (whether actual or perceived) will be severely

3  detrimental to Blind's community, as it will result in a loss of user trust and prevent or

4  dissuade users from speaking out about critical issues on Blind.[43]  The Court should find

5  that the second *Highfields* prong is not met and quash the subpoena.

6  **C.    The Subpoena Implicates Confidential and Proprietary Technology of
         TeamBlind and On that Basis, the Court Should Quash the Subpoena**

7

8          The Court also should quash Applicants' subpoena on the separate grounds that it

9  seeks information which implicates TeamBlind's trade secrets and business proprietary

10  confidential information.  Specifically, the subpoena implicates information pertaining to

11  the technical organization of TeamBlind's systems infrastructure, utilization of data in

12  connection with its patent, and the technology that TeamBlind implements in operating its

13  platform and communications.  Moon Decl. ¶12.  *Phillips v. GMC*, 307 F.3d 1206, 1211-

14  1212 (9th Cir. 2002); *Directv, Inc. v. Trone*, 209 F.R.D. 455, 459-460 (C.D. Cal. 2002).[44]

15  **IV.    CONCLUSION**

16          TeamBlind respectfully submits that this Court vacate its June 28, 2021 Order and

17  quash Applicants' subpoena.

18  DATED:  August 5, 2021                     LEWIS BRISBOIS BISGAARD & SMITH LLP

19                                       By:  ____/s/ Justin S. Kim____
                                              Michael K. Johnson
20                                            Justin S. Kim
                                              Attorneys for Subpoena Respondent
21                                            TEAMBLIND, INC.

22

23

24  [43] Declaration of Sunguk Moon, ¶¶1-5, 7-9.

25  [44] The materials requested in the subpoena are also impermissibly overbroad and unduly
    burdensome, as it seeks "access and use histories, including dates, times," "any location
26  information associated with or linkable to the User Names, Account(s), User(s) or Device(s),
    "records of information concerning the length of time You have provided services to the User(s),
27  including start date and types of service utilized." (Declaration of Sunguk Moon, ¶10, Exhibits 1
    and 2 – Subpoena Exhibit A, Definitions and Instructions.").

28

RESPONDENT TEAMBLIND, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO QUASH SUBPOENA OF APPLICANTS WOORI BANK & KWANG SEOK KWON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW